UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

WILLIAM J. WISE,

    Plaintiff,

v.

EAST GRAND RAPIDS DEPARTMENT OF
PUBLIC SAFETY, ET AL,

    Defendants.

Case No.  1:20-cv-1262-JTN-RSK

HON.  JANET T. NEFF
MAG. JUDGE RAY S. KENT

_____

| William J. Wise (Pro Se) | Michael S. Bogren (P34855) |
|---|---|
| 925 Alexander SE | Attorney for Defendants |
| Grand Rapids, MI 49507 | PLUNKETT COONEY |
| (616)  570-6045 | 333 Bridge St., NW Suite 530 |
| | Grand Rapids, MI 49504 |
| | (616)  752-4600 |
| | mbogren@plunkettcooney.com |

_____

## **DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS**

### **STANDARD**

Rule 12(b)(6) authorizes the court to dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). In deciding a motion to dismiss for failure to state a claim, a court must construe the complaint in the light most favorable to the non-movant and accept all well-pleaded factual allegations in the complaint as true. *Thompson v. Bank of Am., N.A.*, 773 F.3d 741, 750 (6th Cir. 2014). To survive a motion to dismiss, the complaint must present "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 570 (2007). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## **STATEMENT OF FACTS**

The following facts are taken from the plaintiff's Complaint and will be accepted as true for purposes of this motion.

The plaintiff filed a complaint with Officer Collin Wallace of the East Grand Rapids Department of Public Safety in October 2019 alleging that plaintiff's daughter, Ashlyah Wise, had been the victim of sexual harassment/assault while attending school at East Grand Rapids Middle School. (ECF No. 1, PageID 2, First Unnumbered Paragraph; "Direct Facts" ¶ 1). Plaintiff alleges Wallace "allowed" school staff to inform the mother of the student he accused of harassing his daughter of the accusation before Wallace spoke to her. (*Id.*) The Complaint then alleges Wallace told the mother that Wallace would not investigate the incident. (*Id.*)

In February 2020 plaintiff filed an assault and battery complaint with Officer Wallace. Plaintiff alleged that an East Grand Rapids Public Schools official, Jennifer Fee, assaulted him. (*Id.*, Second Unnumbered Paragraph; PageID 7, "Direct Facts" ¶ 2). Plaintiff provided an audio recording of the meeting at which he alleged the assault occurred. (*Id.*) Plaintiff then alleges the "East Grand Rapids Prosecutors Office" refused to authorize any criminal charges against Fee. (*Id.*; PageID 7, "Direct Facts" ¶¶ 9 – 10).

Plaintiff alleges in February 2020 he filed a FOIA request with the East Grand Rapids Department of Public Safety. (*Id.*, Third Unnumbered Paragraph). He alleges the response to his FOIA request was deliberately delayed, even though the Department of Public Safety made a visit to another resident to wish her a Happy Birthday while his request was pending. (*Id.*) He also alleges the FOIA request of a female Caucasian resident was "granted." (*Id.*) The FOIA request was granted on April 14, 2020. (*Id.*, PageID 7).

**CAUSES OF ACTION**

The plaintiff has asserted three causes of action: a Title VI claim of racial discrimination (ECF No. 1, PageID 2 – 3); a violation of the federal FOIA statute (ECF No. 1, PageID 3); and a retaliation claim for exercising rights under Title IX and Title VI. The plaintiff does not identify the source of his retaliation claim. (ECF No. 1, PageID 4).

ARGUMENT

   I.  **THE PLAINTIFF'S TITLE VI CLAIM FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AS PLAINTIFF FAILS TO ALLEGE ANY FACTS DEMONSTRATING THE EAST GRAND RAPIDS DEPARTMENT OF PUBLIC SAFETY RECEIVES FEDERAL FUNDING, FAILS TO ALLEGE FACTS DEMONSTRATING HE HAS STANDING TO BRING A TITLE VI CLAIM AND FINALLY, TITLE VI DOES NOT ALLOW CLAIMS AGAINST INDIVIDUAL DEFENDANTS.**

   A.  **Requirements for a Title VI Claim.**

Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, provides:

"No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

To maintain a private cause of action under 42 U.S.C. § 2000d, plaintiff must first plead the threshold requirement that the program from which plaintiff claims exclusion receives federal financial assistance. *Buchanan v. City of Bolivar, Tenn.*, 99 F.3d 1352, 1356 (6th Cir. 1996). The plaintiff must also plead facts demonstrating that the defendant intended to discriminate on the basis of race; disparate impact claims are not permitted under Title VI. *Alexander v. Sandoval*, 532 U.S. 275, 281 (2001); *Foster v. Michigan*, 573 F. App'x 377, 388 (6th Cir. 2014) ("Title VI targets intentional discrimination only.") In order to demonstrate

3

intentional discrimination plaintiff must allege facts showing that the decision to exclude him from receiving federally funded services was motivated by race and that his race was a determining factor in the exclusion. *Buchanan v. City of Bolivar, supra*, 99 F.3d at. "Direct evidence [of racial discrimination] generally requires unmistakable verbal assertions that the plaintiff was treated adversely because of his race. *Smith v. Chrysler Corp.*, 155 F.3d 799, 805 (6th Cir.1998)." *Paasewe v. Ohio Arts Council*, 74 F. App'x 505, 507 (6th Cir. 2003).

    The Sixth Circuit has not decided whether the *McDonnell Douglas* burden shifting analysis applies to Title VI claims. *Johnson v. City of Clarksville*, 186 F. App'x 592, 594–595 (6th Cir. 2006) ("Plaintiffs argue that they established a circumstantial case under the *McDonnell Douglas* burden-shifting framework. See *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248 (1981). We assume without deciding that this burden-shifting framework governs Plaintiffs' Title VI claims."). Assuming the *McDonnell Douglas* test applies, plaintiff must plead facts demonstrating that (1) he engaged in activity protected by Title VI; (2) the exercise of protected rights was known to defendants; (3) defendants thereafter took adverse action against the plaintiff; and (4) there was a causal connection between the protected activity and the adverse action. *Michael v. Caterpillar Financial Services Corp.*, 496 F.3d 584, 595 (6th Cir. 2007). "To establish a causal connection, a plaintiff must proffer evidence sufficient to raise the inference that [his] protected activity was the likely reason for the adverse action." *Dixon v. Gonzales*, 481 F.3d324, 333 (6th Cir. 2007).

**B.     The plaintiff has failed to allege any facts demonstrating the East Grand Rapids Department of Public Safety is the recipient of federal funding.**

There are no factual allegations in the Complaint that demonstrate the East Grand Rapids Department of Public Safety receives federal funding. The only mention of federal funding is under the heading "Injunctive Relief." One of the listed items is: "Forfeit of Federal Funding." (ECF No. 1, PageID 13). That is insufficient to invoke Title VI. "Plaintiff's cause of action fails from the outset on this ground because plaintiff [has not] alleged in her Complaint . . . that Bolivar Junior High School receives federal financial assistance." *Buchanan v. City of Bolivar, Tenn.*, *supra*, 99 F.3d at 1356.

**C.     Even assuming the East Grand Rapids Department of Public Safety is the recipient of federal funding, the plaintiff lacks standing to assert a Title VI claim.**

The plaintiff fails to establish either constitutional standing or prudential standing to assert a Title VI.

    **1.   Constitutional Standing**

To satisfy Article III's constitutional standing requirements, a plaintiff must show: "'(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.' *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180–181 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992))." *Cleveland Branch, N.A.A.C.P. v. City of Parma, OH*, 263 F.3d 513, 523–524 (6th Cir. 2001).

5

Here, the plaintiff has not suffered a "concrete and particularized" injury. The factual allegations in his Complaint demonstrate the plaintiff filed an assault and battery complaint with the East Grand Rapids Department of Public Safety against an East Grand Rapids Public Schools official. The complaint was reviewed by the East Grand Rapids "prosecutor" (actually the City Attorney) who declined to pursue criminal charges. The plaintiff asserts in a conclusory fashion the refusal to prosecute constituted racial discrimination. These facts fail to establish a concrete and particularized injury.

The plaintiff is alleging an intangible injury – the failure of the government to prosecute a third party. While intangible injuries can be the basis for standing, there is a limit to that concept. "Because the doctrine of standing derives from the case-or-controversy requirement, and because that requirement in turn is grounded in historical practice, it is instructive to consider whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016), as revised (May 24, 2016).

Historically there has never been a right to bring a lawsuit for the failure to prosecute a third party. The Supreme Court held in *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973): "The Court's prior decisions consistently hold that a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution. See *Younger v. Harris*, 401 U.S. 37, 42 (1971); *Bailey v. Patterson*, 369 U.S. 31, 33 (1962); *Poe v. Ullman*, 367 U.S. 497, 501 (1961). Although these cases arose in a somewhat different context, they demonstrate that, **in American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another**." (Emphasis added). See also, *Diamond v. Charles*, 476 U.S. 54,

6

64 (1986) ("Were the Abortion Law to be held constitutional, Diamond could not compel the State to enforce it against appellees because 'a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.'").

The Sixth Circuit has relied on *Linda R.S.* to hold there is not even a right to have police conduct a criminal investigation. "There is no statutory or common law right, much less a constitutional right, to an investigation. Cf. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (observing that 'a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another')." *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007).

Since there is no historic right to maintain a lawsuit for the nonprosecution of a third party, the plaintiff lacks standing to bring this claim under Title VI.

### 2. Prudential Standing

The second strand of the standing inquiry involves the doctrine of prudential standing. Unlike constitutional standing, which involves "absolute and irrevocable" justiciability requirements under Article III, prudential standing is a judicially created doctrine. *Warth v. Seldin*, 422 U.S. 490, 500 (1975). Prudential standing requirements preclude litigation in federal court "when the asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens," or where instead of litigating "his own legal rights and interests," the plaintiff instead purports to "rest his claim to relief on the legal rights or interests of third parties." *Id.* at 499. Additionally, prudential standing includes a requirement that "the plaintiff's complaint fall within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question." *Prime Media, Inc. v. City of Brentwood*, 485 F.3d 343, 349 (6th Cir. 2007), quoting *Valley Forge*

*Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 475 (1982).

In this case the plaintiff lacks prudential standing because his complaint does not fall within the "zone of interests" protected by Title VI. The courts have consistently required the plaintiff in a Title VI case to be an intended beneficiary of the federally funded program. See, *Guardians Ass'n v. Civ. Serv. Comm'n of City of New York*, 463 U.S. 582, 636 (1983) ("It is one thing to conclude, as the Court did in *Cannon*, that the 1964 Congress, legislating when implied causes of action were the rule rather than the exception, reasonably **assumed that the intended beneficiaries of Title VI would be able to vindicate their rights in court**. It is quite another thing to believe that the 1964 Congress substantially qualified that assumption but thought it unnecessary to tell the Judiciary about the qualification."); *Tinney v. City of Detroit*, 188 F.3d 509 (6th Cir. 1999) ("Count IV [the Title VI claim] fails for two reasons: *Maloney is not an intended beneficiary of the federal financial assistance received by the DEA Task Force*; and the City of Chicago is not a 'recipient' of federal funding.") quoting *Maloney v. Washington*, No. 84 C 689, 1987 WL 26146, at *1 (N.D. Ill. Dec. 1, 1987).

In *Ash v. City of Duluth*, 331 F.Supp. 3d 935 (D.Minn. 2018) the court dismissed a Title VI claim brought by an African-American salon owner of salon who alleged discriminatory conduct by the city's police department, parking enforcement officers, and fire department towards the owner. Despite the salon owner's allegation that the city received federal funds from the Department of Housing and Urban Development (HUD) and the Workforce Investment Act to operate employment and training programs, she did not allege that she or her salon were intended beneficiaries of HUD funds or Workforce Investment Act funds, or

8

that a nexus existed between the alleged discrimination and the specific program or activity that did receive such funds.

Since the plaintiff has not alleged the Department of Public Safety even received federal funding, it is difficult to logically address the issue. There are some commonly known instances where the federal government provides funding to local law enforcement agencies. For example, The Patrick Leahy Bulletproof Vest Partnership (BVP) has awarded more than 13,000 jurisdictions a total of $522 million in federal funds for the purchase of over one million vests (1,395,976) as of February 2020. https://www.ojp.gov/program/bulletproof-vest-partnership/overview  An intended beneficiary of this program would either be a department or an individual officer. If either were denied a grant or a vest due to discrimination, a Title VI claim would be available. But the fact that a department receives a federal grant to purchase bullet proof vests for its officers does not create a generalized right to a Title VI for any member of the community who alleges discrimination for a completely unrelated issue. In this case the plaintiff has failed to allege any facts that could establish he has prudential standing to bring a Title Vi claim.

Finally, to the extent plaintiff alleges his daughter was the subject of discriminatory conduct (and it is not clear that he asserting such a claim), he lacks standing to do so. *Moody v. Michigan Gaming Control Bd.*, 847 F.3d 399, 402 (6th Cir. 2017) ("A plaintiff may assert his 'own legal rights and interests,' but generally, a litigant may not sue to protect the constitutional rights of a third party. Kowalski v. Tesmer, 543 U.S. 125, 129 (2004).")

### D.  Title VI does not permit claims against individual defendants.

In *Buchanan v. City of Bolivar, Tenn., supra*, the Sixth Circuit squarely held that a Title VI may only be brought against the entity receiving federal funding, not against individuals.

9

"Plaintiff's claim also fails because she asserts her claim against Lawson and Weaver and not against the school, the entity allegedly receiving the financial assistance. In insisting that she may maintain an action against Lawson and Weaver, plaintiff misreads 42 U.S.C. § 2000d–4a . . ." *Id*. 99 F.3d at 1356. See also, *Foster v. Michigan*, 573 Fed. Appx 377, 389–390 (6th Cir. 2014) ("A plaintiff may only assert Title VI claims against 'the entity . . . receiving the financial assistance.' *Buchanan v. City of Bolivar, Tenn*., 99 F.3d 1352, 1357 (6th Cir.1996); see also *Shannon*, 334 Fed. Appx. at 508.")

*Buchanan* was cited in a case in the Western District of Michigan in dismissing Title VI claims against individual defendants:

> While the GVSU defendants meet the definition of a 'program' under 42 U.S.C. § 2000d–4a(2)(A), the individual defendants do not meet that definition and are not subject to liability under Title VI. 'The proper defendant in a Title VI case is an entity rather than an individual.' *Farm Labor Organizing Committee v. Ohio State Highway Patrol*, 95 F.Supp. 2d 723, 741 (N.D. Ohio 2000). 'It is beyond question ... that individuals are not liable under Title VI.' *Shotz v. City of Plantation, Florida*, 344 F.3d 1161, 1171 (11th Cir. 2003). See also, *Whitfield v. Notre Dame Middle School*, 412 Fed. Appx. 517, 521 (3rd Cir. 2011) ('[i]ndividual liability may not be asserted under Title VI'); Buchanan v. City of Bolivar, Tennessee, 99 F.3d 1352, 1356 (6th Cir. 1996) (noting that the plaintiffs' Title VI claims failed because she asserted the claims against the individual officers involved an incident that occurred at a school 'and not against the school, the entity allegedly receiving financial assistance'). Accordingly, plaintiff's Title VI claim against the individual defendants should be dismissed.

*Gwanjun Kim v. Grand Valley State Univ*., No. 1:11-CV-233, 2012 WL 1033985, at *7 (W.D. Mich. Feb. 2, 2012) (**Exhibit A**), report and recommendation adopted sub nom. *Kim v. Grand Valley State Univ*., No. 1:11-CV-233, 2012 WL 1032704 (W.D. Mich. Mar. 27, 2012), *aff'd* (Feb. 11, 2013). The claims against all of the individual defendants fail as a matter of law and should be dismissed.

10

### II. THE PLAINTIFF'S TITLE VI CLAIM FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AS PLAINTIFF FAILS TO ALLEGE ANY FACTS DEMONSTRATING RACIAL DISCRIMINATION.

The Complaint fails to state plausible claims of racial discrimination. The entire Complaint consists of conclusory assertions of racial discrimination, but alleges no facts demonstrating the defendants engaged in intentional discrimination. For example, in the second paragraph of the Complaint the plaintiff alleges the defendants declined to bring criminal charges against an EGRPS official "thus again displaying Discrimination . . ." (ECF No. 1, PageID 2). This is not a factual allegation; it is a quintessential example of a conclusion the court must disregard. The plaintiff then alleges the defendants "displayed Discrimination" when they went to the home of a Caucasian resident to wish her Happy Birthday while the plaintiff's FOIA request was pending. (*Id.*) This appears to be a complete *non sequitur*. Regardless of what the plaintiff is attempting to convey by this allegation, at bottom he has not alleged any facts of discriminatory conduct.

Conclusory assertions of this nature are properly dismissed.

> Appellants, however, fail to plead any plausible claims of intentional discrimination. Rather, Appellants' Title VI race-discrimination claims consist of nothing more than legal conclusions such as 'Plaintiffs have been denied participation based upon race, color, national origin, and gender.' These conclusory allegations of race discrimination are insufficient. '[A] complaint that includes conclusory allegations of discriminatory intent without additional supporting details does not sufficiently show that the pleader is entitled to relief.' *Nali v. Ekman*, 355 Fed. Appx. 909, 913 (6th Cir. 2009); see also *Iqbal*, 556 U.S. at 680. Similarly, the Appellants' allegations that Foster belongs to a suspect class and that BBF is owned by a member of a suspect class—while true—do not state a claim of racially motivated discrimination. See *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680–681 (6th Cir. 2011); accord *Ashcroft*, 556 U.S. at 680.

*Foster v. Michigan*, 573 F. App'x 377, 388–389 (6th Cir. 2014). Similarly, in *Sam Han v. Univ. of Dayton*, 541 F. App'x 622 (6th Cir. 2013), Judge Clay wrote for the court:

> Plaintiff provides no facts that would allow a court to infer that the adverse employment action at issue was a result of his race or gender. Instead, his complaint lists conclusory allegations of discrimination and fails to provide, as required by Twombly and Iqbal, the "sufficient factual matter" necessary to create an inference of discrimination.
>
> Certainly, Plaintiff pleads his own race and gender, and alleges that, as a result of his race and gender, he was given a bad evaluation by the PRT committee and then ultimately fired. However, Plaintiff alleges no set of facts, beyond these bare and conclusory assertions, from which a reasonable person could infer how his race or gender factored into the University's decisions regarding his employment or caused him to lose his job, as opposed to any other, non-discriminatory basis for decisions regarding his employment. The Court is therefore left to infer that the University's decision-making regarding Plaintiff's employment was discriminatory simply based on the fact that he is a man, or that he is Asian–American, or both.
>
> . . .
>
> This Court is not required to accept inferences drawn by Plaintiff if those inferences are unsupported by the facts alleged in the complaint.

*Id.* at 626 – 627.

There are no factual allegations in the Complaint that allow the inference that the plaintiff was subjected to racial discrimination as prohibited by Title VI. The Complaint offers nothing more than conclusions. That is insufficient to state a claim for relief.

### III.   THE PLAINTIFF'S FEDERAL FOIA CLAIM BROUGHT UNDER 5 U.S.C. § 552 FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

5 U.S.C. § 552 is part of the Administrative Procedures Act and provides in part that "[e]ach agency shall make available to the public information . . . " and it sets forth the policies and procedures governing the release of information. This statute, however, is "concerned

only with shedding light on **misconduct of the federal government, not state governments**. As numerous sister circuits have noted, 'it is beyond question that [the federal] FOIA [statute] applies only to federal and not to state agencies.'" *Rimmer v. Holder*, 700 F.3d 246, 258–259 (6th Cir. 2012) (Emphasis added).

The federal FOIA statute has no applicability to the City of East Grand Rapids and the plaintiff's claim under that statute fails to state a claim upon which relief can be granted.

### IV.     THE PLAINTIFF'S RETALIATION CLAIM FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

The plaintiff asserts he was retaliated against for exercising rights under Title IX and Title VI. (ECF No. 1, PageID 4). The retaliation he identifies is "not investigating a Students Sexual Incident(s), Intentionally Failed to comply by State/Federal Legislature pertaining to what constitutes an Assault, attempted to Cover-Up and or Tamper with Police Reports, Multiple FOIA Violations, arbitrarily and capriciously intentionally refusing to and or delaying the disclosure or providing copies of a public record and more." (*Id.*). These conclusory assertions fail to state an actionable claim of retaliation.

The defendants will assume for purposes of this argument that there is a recognized claim of retaliation under Title VI, as there is under Title IX. *Jackson v. Birmingham Bd. of Education*, 544 U.S. 167, 173 (2005) ("Retaliation against a person because that person has complained of sex discrimination is another form of intentional sex discrimination encompassed by Title IX's private cause of action."). In order to state a claim for relief plaintiff must allege showing that that: (1) he engaged in activity protected by Title VI; (2) this exercise of protected rights was known to defendant; (3) the defendant thereafter took adverse action against the plaintiff; and (4) there was a causal connection between the

13

protected activity and the adverse action. *Ross v. Michigan State University Bd. Of Regents*, 837 F. Supp. 2d 712, 717 (W.D. Mich. 2011), citing *Michael v. Caterpillar Fin. Servs. Corp.*, 496 F.3d 584, 595 (6th Cir. 2007). The same standards apply to a Title IX retaliation claim. *Fuhr v. Hazel Park School District*, 710 F.3d 668, 674 (6th Cir. 2013).

It is the defendants' position the plaintiff cannot satisfy any of the four elements of a *prima facie* retaliation claim. First, the plaintiff did not engage in protected activity under Title VI or Title IX when he filed a criminal complaint first concerning his daughter, then concerning himself. According to the allegations in the Complaint, the criminal complaints reported what plaintiff believed to be criminal actions; the complaints did not assert claims of racial discrimination on the part of a governmental agency. The Complaint alleges on October 16, 2019 plaintiff filed a police report on behalf of his daughter that another student "threatened to 'fuck her in the bathroom' as well as telling other female students similar or the same statement, with the knowledge of EGRMS Staff Members." (ECF No. 1, PageID 4, ¶ 1). The Complaint then alleges the plaintiff filed an assault and battery complaint on February 6, 2020 against an EGRPS official for allegedly assaulting plaintiff in a meeting. (ECF No. 1, Page ID 2; PageID 4, ¶ 2). Neither of these complaints reported racial discrimination; they both reported what plaintiff believed to be criminal conduct by third parties. This claim is similar to a retaliation claim dismissed by Judge Edmunds in the Eastern District of Michigan. The plaintiffs alleged discrimination because their business did not obtain a state contract in the bidding process. Judge Edmunds found no protected activity:

> In their briefs, however, Plaintiffs seem to argue a completely different factual basis for retaliation. Plaintiffs argue that the protected action that they engaged in was merely participating in the bidding process at MDOT and that Defendants were retaliating against Plaintiffs for Plaintiffs' attempting to be awarded contracts. Filing complaints against MDOT for discrimination is

14

> protected activity under Title VI, but participating in the public bidding process is not. Plaintiffs cannot turn all of their discrimination claims into retaliation claims by attempting to broaden "protected action" to encompass any action at all.

*BBF Eng'g Servs., P.C. v. Michigan*, No. 11-14853, 2012 WL 380282, at *6 (E.D. Mich. Feb. 6, 2012) (**Exhibit B**), *aff'd sub nom. Foster v. Michigan*, 573 F. App'x 377 (6th Cir. 2014). The same is true here. The filing of police reports of allegedly criminal conduct by third parties is not protected conduct under Title VI or Title IX. Since the plaintiff did not engage in protected conduct, the defendants could not have been aware of it.

Even assuming the plaintiff engaged in protected conduct, there are no factual allegations in the Complaint that the defendants took adverse action against the plaintiff as a result. In order for an action to be deemed "adverse," it must be of such a nature that it would dissuade a reasonable person from engaging in the protected conduct. *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 996 (6th Cir. 2009). Here, the alleged adverse action is the failure to bring criminal charges against third parties. Since there is no right to have criminal charges brought against a third party (as discussed above) the failure to bring charges cannot be adverse action. Stated differently, since there is no pre-existing right to have charges brought against a third party, the failure to bring criminal charges would not dissuade a reasonable person from reporting criminal conduct in the future. A different case would exist if there was such a right or if, instead of simply declining to bring criminal charges against a third party, criminal charges had been brought against the plaintiff for making the complaint. That would clearly constitute adverse action. But merely doing (or in this case, not doing) what one already had the right to do (or not do) cannot constitute adverse action.

The fourth element also fails logically. If the City has simply done what it had the right to do, there cannot be a causal connection between protected activity and adverse action.

## **RELIEF REQUESTED**

The defendants respectfully request the court grant their Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) and dismiss the plaintiff's claims with prejudice as the Complaint fails to state a claim upon which relief can be granted.

                                                            Respectfully submitted,

DATED:  March 18, 2021                    PLUNKETT COONEY

                                                            BY: /s/ Michael S. Bogren
                                                                  Michael S. Bogren (P34835)
                                                                  Attorney for Defendants

                                                            BUSINESS ADDRESS:
                                                           333 Bridge Street, NW., Suite 530
                                                           Grand Rapids, Michigan  49504
                                                           **Direct Dial:  269/226-8822**
                                                           mbogren@plunkettcooney.com

Open.00560.10856.25954554-1