UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM J. WISE,

        Plaintiff,

v.

EAST GRAND RAPIDS DEPARTMENT OF
PUBLIC SAFETY, *et al.*,

        Defendants.
                                        /

Case No. 1:20-cv-1262

Hon. Janet T. Neff

**REPORT AND RECOMMENDATION**

This is a civil action brought by *pro se* plaintiff William J. Wise ("Wise"). This matter is now before the Court on defendants' motion to dismiss (ECF No. 50).

    **I.**    **Background**

In his amended complaint, Wise named the following defendants: East Grand Rapids Department of Public Safety (sometimes referred to as "EGRDPS"); Collin Wallace; Ric Buikema; Raymond Scott Kolster; Thomas M. Wardrop; Terry Tobias; John Huff; and Bethany Moore. Amend. Compl. (ECF No. 48). Wise alleged that defendants committed race discrimination and retaliated against him in violation of Title VI, 42 U.S.C. § 2000d. *Id*.

Wise set forth the following allegations. The first incident occurred in 2019. "On or around October 16, 2019, the Plaintiff exercised his right as a parent of his minor child to file a Police Report involving a Sexual Incident that took place involving the Plaintiff's minor child and another male student of East Grand Rapids Public Schools." *Id*. at PageID.235. "The reporting EGR [East Grand Rapids] Police Officer and School Liaison Officer was Collin Wallace." *Id*. Wise alleged as follows:

> 5. Plaintiff reported that the incident took place inside of East Grand Rapids Middle School [EGRMS],and was reported to the EGRMS Principal Jeffrey Dykhouse.
>
> 6. The Plaintiff reported that he was not pleased at East Grand Rapids Public Schools Staff, for the way the School District handled the Internal Incident. The Plaintiff informed Wallace that he would pursue a Personal Protection Order for his minor child.
>
> 7. Defendant Collin Wallace spoke with EGRMS about the complaint by the Plaintiff. Instead of Wallace speaking to the accused minor child's parent, Wallace allowed EGERMS [sic] Assistant Principal Shelly Schram to brief the parent as Wallace listened. Wallace then spoke with the minor child's mother, and informed the parent Katie Zell, that no charges would be filed.

*Id*.

The second incident occurred in 2020 in which he alleged that a female staff member of the East Grand Rapids Public School District (EGRPS) assaulted him.[1] Wise set forth the following allegations (in his words)[2]:

> 8. On or around February 6, 2020, the Plaintiff reported an Assault Incident involving the Plaintiff and East Grand Rapids Public Schools District Staff Member Jennifer Fee. The reporting Officer was EGR Department of Public Safety and School Liaison Officer Collin Wallace. Plaintiff reported that the incident occurred in the EGRMS Principal's Office of Jeffery Dykhouse.
>
> 9. Plaintiff expressed to Wallace favorable treatment on behalf of East Grand Rapids Department of Public Safety toward him and his minor child in relation to previous investigations.
>
> 10. During the filing of the Assault report, the Plaintiff and Wallace acted out the incident, and both acknowledged the definition of Assault/Battery MCL 750.81.
>
> 11. Officer Wallace was not equipped with a visible body camera during filing.
>
> 12. The Plaintiff recorded the filing with two different devices.
>
> 13. The Plaintiff supplied Mr. Wallace with a snippet of the Assault Incident involving the Plaintiff and Ms. Fee as requested from Wallace.

---

[1] Wise filed a separate lawsuit related to the second incident against East Grand Rapids Public Schools and various school employees. That lawsuit has been dismissed. *See Wise v. East Grand Rapids Public School District et al.*, No. 1:20-cv-1263 (Opinion and Order) (Judgment) (W.D. Mich. July 12, 2022) (ECF Nos. 76 and 77).

[2] In the present case, Wise repeated some of the allegations which he made in *Wise*, 1:20-cv-1263.

14. On February 12, 2020, Officer Wallace informed the Plaintiff that the report was forwarded to the East Grand Rapids City Prosecutor.

15. During the investigation, the Plaintiff informed Wallace that he had indeed met with East Grand Rapids Public Schools Investigating Attorney Dan Martin. Wallace was shocked, but then informed the Plaintiff that he had no idea of the meeting between the Plaintiff and Martin had occurred.

16. The Plaintiff continued to attempt to get updates from Wallace pertaining to the investigation, but was repeatedly told from Wallace that there was no update at those times.

17. On or around February 16, the Plaintiff reported to Wallace that, Attorney Dan Martin promotes Assault within his own household, and also supplied audio to Wallace.

18. On February 17, 2020, the Plaintiff informed Mr. Wallace that he would be obtaining Legal Counsel.

19. On February 17, 2020, Mr. Wallace again requested audio from the February 5, 2020 incident with Ms. Fee.

20. Mr. Wallace then requested a complete full audio of the Civil Investigation Meeting of the Plaintiff and Mr. Martin, but the Plaintiff declined.

21. Mr. Wallace informed the Plaintiff that he had indeed spoke to Attorney Dan Martin, and that Martin would supply Wallace with the audio of the Civil Investigation Meeting.

22. On or around February 18, 2020, the Plaintiff posted an audio exposing Attorney Dan Martin promoting Assault within his own household.

23. On February 19, 2020, Mr. Wallace informed the Plaintiff that the City Attorney would not be authorizing charges, and the case was closed.

24. The Plaintiff expressed to Mr. Wallace again the unfair privilege treatment of the Plaintiff, with favorable treatment of others.

25. The Plaintiff immediately requested a FOIA of the report on or around February 28, 2020, but the report was continuously delayed for review to the Plaintiff.

26. After weeks of frustration from the Plaintiff, the Plaintiff then contacted the EGR Department of Safety Police Officer Ric Buikema and News 8 Anchor Leon Wood via email on April 9, 2020, to express the frustration of not having access to the FOIA per request, and Discriminatory Treatment.

> 27. FOIA was received by Plaintiff a week later via certified mail, with missing FOIA pages and documents.
>
> 28. The FOIA displays the East Grand Rapids Department of Public Safety sought a Felony Charge of Ms. Fee, but the Prosecutor's Office and Attorney Thomas Wardrop agreed that no charges would be filed. The reasoning being was that "All Touching Is Not Considered Assault", which goes against the MCL 750.81 definition.
>
> 29. The FOIA displayed East Grand Rapids Department of Public Safety Officer Raymond Scott Kolster indeed reviewed the FOIA on March 23, 2020.
>
> 30. Bethany Moore name was also attached to the FOIA.
>
> 31. On or around April 10, a Caucasian woman reported a Sexual Incident involving another male to the East Grand Rapids Department of Public Safety. The Caucasian woman was granted access to a FOIA shortly after. Previously the EGR Department of Public Safety stated to the Plaintiff that they were too busy to grant access of the FOIA to the Plaintiff.

*Id*. at PageID.235-237.

Wise alleged that defendants EGRDPS, Wallace, Buikema, Kolster, Moore, Wardrop, Tobias, and Huff engaged in "misconduct" and seeks $300,000.00 for "Title VI Race Discrimination (Disparate Impact)". *Id*. at PageID.237. Wise also seeks an injunction under Title VI in the form of "Enhanced Discriminatory Training Programs for East Grand Rapids Department of Public Safety." *Id*. Wise also makes two claims of "Title VI Retaliation" seeking $100,000.00 for each claim. *Id*.

## II. Legal Standard

Defendants have moved to dismiss this action for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). A complaint may be dismissed for failure to state a claim if it fails to give the defendants a fair notice of the claim and the grounds upon which it rests. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007).

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). While *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004). Thus, a complaint based upon "an unadorned, the - defendant - unlawfully - harmed - me accusation" is insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678.

### III. Discussion

#### A. Title VI

All of Wise's claims are for alleged violations of Title VI, which provides that:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C. § 2000d.

#### B. Wise cannot state claims against the individual defendants Wallace, Buikema, Kolster, Wardrop, Tobias, Huff, and Moore

Wise's claims against the individual defendants are without merit. First, Wise makes no allegations against defendants Tobias and Huff. "It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants." *Cassaday v. Food & Drug*

5

*Administration*, No. 1:22-cv-558, 2022 WL 2663092 at *2 (W.D. Mich. July 11, 2022). *See Twombly*, 550 U.S. at 555 (in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Accordingly, Wise's claims against defendants Tobias and Huff, being unsupported by any allegations and frivolous, should be dismissed on this ground.

Second, Wise cannot sue any of the individual defendants under Title VI. A plaintiff's action under Title VI is brought against the entity receiving federal funds. *See Buchanan v. City of Bolivar, Tenn.*, 99 F.3d 1352, 1356 (6th Cir.1996) (the plaintiff's Title VI claim failed because it was brought against individuals, "not against the school, the entity allegedly receiving the financial assistance."); *Farm Labor Organizing Committee v. Ohio State Highway Patrol*, 95 F.Supp.2d 723, 741 (N.D. Ohio 2000) ("The proper defendant in a Title VI case is an entity rather than an individual.") (internal quotation marks omitted); *Gwanjun Kim v. Grand Valley State University*, No. 1:11-cv-233, 2012 WL 1033985 at *7 (W.D. Mich. Feb. 2, 2012), R&R *adopted*, 2012 WL 1032704 (W.D. Mich. March 27, 2012), *affirmed* No. 12-1401 (Order) (6th Cir. Feb. 11, 2013) (individual defendants are not subject to liability under Title VI). Accordingly, Wise's claims against the individual defendants, Wallace, Buikema, Kolster, Wardrop, Tobias, Huff, and Moore should be dismissed.

    **C.**    **Wise's Title VI claims against defendant EGRDPS**

    **1.**    **Wise failed to allege any facts demonstrating that defendant EGRDPS is the recipient of federal funding.**

It is axiomatic that a plaintiff cannot sue a defendant under Title VI without establishing that the defendant receives federal funds. To maintain a private right of action under 42 U.S.C. § 2000d, a plaintiff must first prove the threshold requirement that the program from which the plaintiff was excluded receives federal financial assistance. *See Buchanan*, 99 F.3d at

6

1356. Wise has failed to allege that defendant EGRDPS receives federal financial assistance. Accordingly, Wise's claims against EGRDPS complaint should be dismissed.

### 2.      Wise has no standing to sue defendant EGRDPS under Title VI

In addition, Wise cannot bring a discrimination claim against the EGRDPS because he lacks standing to sue that entity under Title VI.

> In addition to the constitutional requirements of Article III standing, a plaintiff must also have "prudential standing," which looks to whether the "statutory provision on which the claim rests properly can be understood as granting persons in the plaintiff's position a right to judicial relief." *The Wilderness Soc. v. Kane Cty.*, 632 F.3d 1162, 1169 (10th Cir. 2011). "The prudential standing doctrine encompasses various limitations, including the general prohibition on a litigant's raising another person's legal rights." *Id*. at 1168 (quotations and citation omitted). "The plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Id*. (quoting *Warth v. Seldin*, 422 U.S. 490, 499, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)).

*I.G. by & through Grunspan v. Jefferson County School District through Board of Education for Jefferson County School District*, 452 F. Supp. 3d 989, 998 (D. Colo. 2020).[3]

As the court explained in *I.G.*, Title VI claims must be brought by the intended beneficiary of a federally funded program (*e.g.*, a student participating in a federally fudned school program), not a third party (*e.g*, a student's parent):

> To bring a Title VI claim, a plaintiff must be the intended beneficiary of a federally funded school program. *See, e.g., HB v. Monroe Woodbury Cent. Sch. Dist.*, 2012 WL 4477552, at \*18 (S.D.N.Y. Sept. 27, 2012). Courts have consistently held that parents are not the intended beneficiaries of school programs and, therefore, may not assert Title VI claims on their own behalf.  *See id.*; *see also Murray v. Lakeland Cent. Sch. Dist. Bd. of Educ.*, 2017 WL 4286658, at \*8 (S.D.N.Y. Sept. 26, 2017); *R.W. ex rel. Williams v. Del. Dep't of Educ.*, 2008 WL 4330461, at \*3 (D. Del. Sept. 22, 2008); *Jackson v. Katy Indep. Sch. Dist.*, 951 F. Supp. 1293, 1298 (S.D. Tex.

---

[3] As discussed, Wise alleged that "the Prosecutor's Office" and defendant Attorney Thomas Wardrop "agreed that no charges would be filed" with respect to the alleged assault(s).  Amend. Compl. at PageID.236.  It is unnecessary to address defendants' Article III standing argument with respect to these claims because "the Prosecutor's Office" is not a party to this lawsuit and Wise cannot sue defendant Wardrop under Title VI.  Furthermore, it is well-established that "a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution."  *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

> 1996) ("The intended beneficiaries of a federally funded public school program are school children, not their parents.")[.]

*I.G.*, 452 F. Supp. 3d at 998.  Here, even if Wise had alleged that EGRDPS received federal funds, he has not identified the federally funded program at issue in this lawsuit or explained how he is the beneficiary of such a program.

Finally, while Wise lists two "Title VI Retaliation" claims in his request for relief, he does not allege any facts to support direct evidence of retaliation, a prima facie claim of retaliation,[4] or that he is a beneficiary of a federally funded program operated by EGRDPS.  For all of these reasons, Wise's lawsuit should be dismissed.

### IV.     Recommendation

Accordingly, I respectfully recommend that defendants' motion to dismiss (ECF No. 50) be **GRANTED** and that this case be **TERMINATED**.


Dated:  August 1, 2022                                         /s/ Ray Kent
                                                               RAY KENT
                                                               United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

---

[4] To establish prima facie claim of retaliation, a plaintiff must show  (1) that he engaged in activity that is protected by Title VI; (2) that the defendant knew of the protected activity; (3) that the defendant took a materially adverse action against the plaintiff or subjected him to severe and pervasive retaliatory harassment; and (4) that there was a causal connection between the protected activity and the materially adverse action.  *See Ross v. Michigan State University Board of Regents*, 837 F. Supp. 2d 712, 718-19 (W.D. Mich. 2011).